IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN, | No. CIV S-04-1304-LKK-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| CRIBBS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for trial on October 21, 2008, before Judge Karlton. There has been an on-going issue with an inmate witness, Byran Loving, and his proposed testimony.

On June 9, 2008, defendant filed a proposed stipulation following counsel's discussion with inmate Loving and his alleged knowledge of the facts related to this case. On July 24, 2008, the court issued an order requiring plaintiff to respond to defendant's proposed stipulation by August 12, 2008. Plaintiff was warned that if he did not respond, the court would vacate the order allowing inmate Loving to testify. No response was received from plaintiff. On September 4, 2008, the court issued another order informing plaintiff that due to his failure to

1  respond to the previous court order, he was no longer able to call inmate Loving as a witness.
2  Plaintiff was provided another opportunity to respond to defendant's proposed stipulation, and
3  the allegations therein.  Plaintiff was cautioned that if he failed to respond to this second court
4  order, defendant would be allowed to call inmate Loving as a witness as to plaintiff's
5  credibility.
6        The court has now received a document from plaintiff filed on September 22,
7  2008 (Doc. 87).  In this filing, plaintiff seeks an extension of time ". . . up to and including
8  October 20, 2008, within which to complete the required motion for sanctions under Rule
9  11(c)(1)(A), and make what response to the Court that is appropriate after that process is
10 complete."  The basis for plaintiff's anticipated sanctions motion is his contention that inmate
11 witness Loving ". . . has been coerced, and dissuaded [by defendant's counsel] from testifying on
12 my behalf. . . ."  It is clear from plaintiff's submission that he is not willing to stipulate to the
13 facts set forth in defendant's request for stipulation.  Therefore, the court construes the instant
14 filing as the response required by the court's September 4, 2008, order.  Because plaintiff is not
15 willing to stipulate to the facts set forth by defendants, inmate Loving's testimony will be
16 permitted on the question of plaintiff's credibility.  Whether inmate Loving will be permitted to
17 testify, either in plaintiff's case-in-chief or defendants' case-in-chief, is a question to be
18 addressed at a later date or time of trial.  No further filings regarding the requested stipulation are
19 required.
20       Turning to plaintiff's request for an extension of time to October 20, 2008, this
21 request relates to plaintiff's anticipated Rule 11 motion for sanctions.  Under Federal Rule of
22 Civil Procedure 11(c)(2), a motion for sanctions may not be filed  until at least 21 days after
23 service of the motion on the opposing party and only if, after such service, the opposing party
24 refuses to withdraw the filing giving rise to the request for sanctions.  Therefore, whether to file a
25 motion for Rule 11 sanctions, and the timing of such a motion, is a decision for plaintiff to make
26 / / /

1  and does require any extension of time from this court.  For this reason, there is no relief the
2  court can grant in response to plaintiff's instant request (Doc. 87) and it will be denied.
3      IT IS SO ORDERED.
4
5   DATED: October 3, 2008
6
7                                                 _____
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE